**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Rafael Cezar Danam,<br><br>  Plaintiff,<br><br>v.<br><br>Arizona Board of Education, et al.,<br><br>  Defendants. | No. CV-20-02489-PHX-MTL<br><br>**ORDER** |

Before the Court is Defendants Arizona Board of Education, Diane Douglas, Tim Carter, Lucas J. Narducci, Dr. Rita H. Cheng, Dr. Daniel P. Corr, Michelle Kaye, Janice Mak, Calvin Baker, Chuck Schmidt, Jaren Taylor, Patricia Welborn, Prudence Lee, Melissa Sadorf, Jay Cryder, Bonnie Sneed, Claudio Coria, Garnett Winders, David W. Spelich, and Alicia Williams (collectively, "Defendants") Motion to Dismiss Plaintiff's First Amended Complaint (the "Motion") (Doc. 23). The Motion is fully briefed. (Docs. 34, 36.) For the reasons stated below, the Court grants the Motion.[1]

**I.   BACKGROUND**

Plaintiff Raphael Danam earned his substitute teaching certificate in August 2015. (Doc. 11 ¶ 8.) A year later, Diamondback Elementary School hired him as a long-term substitute teacher. (*Id.* ¶ 12.) On September 21, 2016, the school's principal told Plaintiff that his substitute teaching assignment was being terminated. (*Id.* ¶ 21.) On October 13,

---

[1] Both parties have submitted legal memoranda and oral argument would not have aided the Court's decisional process. *See Partridge v. Reich*, 141 F.3d 920, 926 (9th Cir. 1998); *see also* LRCiv 7.2(f); Fed. R. Civ. P. 78(b).

2016, the Arizona Board of Education (the "Board") notified Plaintiff that it was investigating his conduct following his termination. (*Id.* ¶ 27); *see Danam v. Ariz. Bd. of Educ.*, No. 1 CA-CV 18-0668, 2019 WL 5617577, at *2 (Ariz. App. Oct. 31, 2019).[2] The Board's investigation and pre-trial procedures took place through September 12, 2017. (Doc. 11 ¶ 37.) The Board held a trial hearing on September 13, 2017. (*Id.*) Soon thereafter, the Board ordered that Plaintiff's teaching certificate be revoked and that all states be notified (the "Decision"). (*Id.* ¶ 38); *Danam*, 2019 WL 5617577, at *2.

Plaintiff then filed a motion for rehearing, which the Board denied on February 26, 2018. (Doc. 11 ¶¶ 39, 40.) Plaintiff appealed the Board's decision and requested a new trial in the Arizona Superior Court. (*Id.* ¶ 42.) That court denied his request and affirmed the Board's decision on September 27, 2018. (*Id.*) Plaintiff appealed to the Arizona Court of Appeals, which affirmed the Superior Court's decision. *See Danam*, 2019 WL 5617577. Plaintiff's petition for review to the Arizona Supreme Court was denied on April 1, 2020. (Doc. 11 ¶ 45.) Plaintiff's petition for certiorari to the Supreme Court of the United States was also denied. (*Id.* ¶ 46.)

Plaintiff filed a case in this District on May 16, 2018, against the same Defendants and alleging the same claims as are currently before this Court. *See Danam v. Ariz. Bd. of Educ.*, No. CV-18-1493-PHX-DGC (D. Ariz.). On July 19, 2019, the court dismissed the case for lack of service pursuant to Rule 4(m) of the Federal Rules of Civil Procedure. He then filed this instant action in December 2020. (Doc. 1.)

## II.    LEGAL STANDARD

A complaint must set forth a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is plausible "when the plaintiff

---

[2] The Court may take judicial notice of matters of public record without converting a motion to dismiss into a motion for summary judgment. *See Lee v. City of Los Angeles*, 250 F.3d 668, 689 (9th Cir. 2001).

pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). Only if the complaint fails to state a cognizable legal theory or fails to provide sufficient facts to support a claim is dismissal appropriate. *Shroyer v. New Cingular Wireless Servs., Inc.*, 622 F.3d 1035, 1041 (9th Cir. 2010). In deciding a Rule 12(b)(6) motion, the Court must take all allegations of material fact as true and construe them in the light most favorable to the nonmoving party. *Marcus v. Holder*, 574 F.3d 1182, 1184 (9th Cir. 2009) (citation omitted). Courts "are not bound to accept as true a legal conclusion couched as a factual allegation." *Twombly*, 550 U.S. at 555 (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)).

### III.   DISCUSSION

Plaintiff's claims all arise out of the Board's investigation, hearing, and Decision. (Doc. 11.) Defendants argue that Plaintiff's claims are barred by the statute of limitations. (Doc. 23 at 1.) Alternatively, Defendants assert that they have absolute immunity pursuant to A.R.S. § 12-820.01 and that the State of Arizona is not liable for putative damages. (*Id.*) Plaintiff responds, contending that his complaint is timely due to equitable tolling and the continuing violation doctrine. (Doc. 34 at 10–11, 13.) Plaintiff also argues that Defendants do not have absolute immunity because A.R.S. § 12-820.01 is unconstitutional. (*Id.* at 14–16.) The Court will address each argument.

    **A.**    **Plaintiff's § 1983 Claims**

Plaintiff first asserts several claims under 42 U.S.C. § 1983, alleging that Defendants violated his First, Fifth, Sixth, and Fourteenth Amendment rights between September 21, 2016, and February 26, 2018. (Doc. 11 ¶ 58.) "Section 1983 does not contain its own statute of limitations." *TwoRivers v. Lewis*, 174 F.3d 987, 991 (9th Cir. 1999); *see* 42 U.S.C. § 1983. Absent a federal limitations period, this Court must "borrow the statute of limitations for § 1983 claims applicable to personal injury claims in the forum state." *TwoRivers*, 174 F.3d at 991. Arizona is the forum, and Arizona courts "apply a two-year statute of limitations to § 1983 claims." *Id.*; *see also Marks v. Parra*, 785 F.2d 1419, 1420

(9th Cir. 1986) (citing A.R.S. § 12-542). "When federal courts borrow a state statute of limitations, they also apply the state's tolling law if it is not inconsistent with federal law." *Retail Clerks Union Loc. 648, AFL-CIO v. Hub Pharmacy, Inc.*, 707 F.2d 1030. 1033 (9th Cir. 1983) (citing *Board of Regents v. Tomanio*, 446 U.S. 478, 485–86 (1980)). The Court will therefore address the accrual date and equitable tolling.

### 1. Accrual

To be timely, Plaintiff's claims must have accrued on or after December 28, 2018, two years before he filed his Complaint. (Doc. 1.) Although Arizona law supplies the limitations period, "federal, not state, law determines when a civil rights claim accrues." *TwoRivers*, 174 F.3d at 991. "Under federal law, a claim accrues when the plaintiff knows or has reason to know of the injury which is the basis of the action." *Id.* Here, Plaintiff's § 1983 claims are identical to those alleged in his first district court case. *See Danam*, No. CV-18-1493-PHX-DGC, Doc. 25. Plaintiff filed that case on May 16, 2018. (Doc. 11 ¶ 44.) Plaintiff therefore knew of the injury, at the latest, on that date when he filed his complaint in May 2018.

Plaintiff argues, however, that his claims accrued later because of the continuing violation doctrine. (Doc. 34 at 13.) To satisfy the doctrine, a plaintiff must allege a "series of related acts, one or more of which falls within the limitations period." *Maguire v. Coltrell*, No. CV-14-01255-PHX-DGC, 2015 WL 470204, at *2 (D. Ariz. Feb. 4, 2015) (citing *Green v. L.A. Cnty. Superintendent of Schs.*, 883 F.2d 1472, 1480 (9th Cir.1989)). "A continuing violation is occasioned by continual unlawful acts, not by continual ill effects from an original violation." *Ward v. Caulk*, 650 F.2d 1144, 1147 (9th Cir. 1981) (citation omitted). Contrary to Defendants' contention, the Ninth Circuit did not reject this doctrine in *Ngo v. Woodford*, 539 F.3d 1108, 1109–10 (9th Cir. 2008). (*See* Doc. 36 at 4.) There, the court found that the continuing violation doctrine is a valid legal theory, but it did not apply to the facts of that specific case. *Ngo*, 539 F.3d at 1109–10.

In this case, Plaintiff's claims all arise out of Defendants' acts surrounding their decision to revoke his teaching certificate, such as Defendants "denying evidence provided

by Plaintiff." (Doc. 11 ¶¶ 60, 64.) Plaintiff asserts that Defendants' actions injured him as recently as September 2019 and September 2020, when he was denied employment or terminated due to his revoked teaching license. (Doc. 11 ¶¶ 48, 74; Doc. 34 at 4.) But Plaintiff does not allege that Defendants committed a new violation at that time. Instead, the injury arose from Defendants original violation of issuing the Decision revoking his teaching license. This is insufficient to invoke the continuing violation doctrine. *See Ward*, 650 F.2d at 1147; *see also Ngo*, 539 F.3d at 1110 (finding that "any continuing effects which are 'the delayed, but inevitable, consequences of the initial determination'" do not give life to a new limitations period) (citation omitted). Ultimately, the continuing violation doctrine is inapplicable here because Plaintiff does not allege a series of related acts by Defendants, at least one of which occurred during the statute of limitations period. The Court therefore finds that Plaintiff's claims accrued on May 16, 2018, when Plaintiff filed his case in another federal court.

### 2. Equitable Tolling

As discussed above, Plaintiff's § 1983 claims are subject to a two-year statute of limitations. Plaintiff's claims became untimely on May 16, 2020, two years after they accrued and several months before Plaintiff filed the case before this Court. (Doc. 1.) Plaintiff's claims, however, may be timely if equitable tolling is appropriate.[3] To decide this issue, a court must consider certain factors, such as whether (1) the plaintiff acted reasonably and in good faith, (2) he prosecuted his case diligently and vigorously, (3) a procedural impediment exists that affects his ability to file a second action, and (4) either party will be substantially prejudiced. *Jepson v. New*, 164 Ariz. 265, 272 (1990); *see also Frederick v. Buckeye Valley Fire Dist.*, No. 2 CA-CV 2019-0135, 2020 WL 3303080, at *3 (Ariz. App. June 18, 2020). Equitable tolling does not apply when a plaintiff failed to

---

[3] As noted above, federal courts apply state tolling law if it is not inconsistent with federal law." Under federal law, "a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005). The state law discussed herein is not inconsistent with this federal standard, so the Court will apply state law. *See, e.g., White v. Aurora Loan Servs. LLC*, No. CV-14-01021-PHX-JAT, 2016 WL 3653958 (D. Ariz. July 6, 2016) (applying Arizona equitable tolling principles in federal court).

"exercise due diligence in preserving his [or her] legal rights." *Irwin v. Dep't of Veterans Affs.*, 498 U.S. 89, 97 (1990). The plaintiff bears the burden to prove that equitable tolling is warranted. *McCloud v. State, Ariz. Dep't of Pub. Safety*, 217 Ariz. 82, 85 (App. 2007).

Plaintiff argues that equitable tolling is warranted because he diligently "pursued administrative grievance procedures against Defendants." (Doc. 34 at 11.) Those proceedings were limited in scope to the Board's decision to "revoke his teaching certificates and notify other states of that revocation." *Danam*, 2019 WL 5617577, at *1. Any argument that Plaintiff's failure to pursue his § 1983 claims in federal court "may have been induced by faith in the adequacy of [the administrative] remedy is of little relevance inasmuch as the two remedies are truly independent." *Johnson v. Ry. Express Agency, Inc.*, 421 U.S. 454, 466 (1975); *see also Harding v. Ariz. Bd. of Dental Exam'rs*, No. 1 CA-CV 18-0597, 2019 WL 6713433, at *3 (Ariz. App. Dec. 10, 2019) (finding that tolling did not apply where the plaintiff's "disciplinary proceeding required exhaustion of administrative remedies before judicial review" but his state-law claim did not). As the Arizona Court of Appeals stated in its December 10, 2019 decision, Plaintiff's § 1983 claims were outside the scope of the administrative proceedings and subsequent appeals. *Danam*, 2019 WL 5617577, at *5 n.4. Plaintiff was put on notice that the administrative proceedings would not resolve his § 1983 claims months before the statute of limitations expired on May 16, 2020. Plaintiff's diligence in pursuing his administrative claims therefore does not save his failure to timely bring his § 1983 claims.

The Court also finds "no policy reason that excuses [Plaintiff's] failure to take the minimal steps necessary to preserve each claim independently." *Johnson*, 421 U.S. at 466. Considering a plaintiff's diligence in pursuing a claim "furthers the purposes of the statute of limitations and ensures that [the remedy] is not abused by dilatory litigants." *Jepson,* 164 Ariz. at 273. Thus, "to obtain relief . . . where the [original] action has abated and been terminated, the plaintiff must show that despite diligent efforts, he was unable to effect service." *Id*. Here, Plaintiff's original case was dismissed on July 19, 2019, for lack of service. *Danam*, No. CV-18-1493-PHX-DGC, Doc. 44. Plaintiff has not shown this Court

that he was diligent in his attempts to litigate that case, which was ultimately dismissed for lack of service. After that, he waited almost a year and a half to then file this suit. Policy considerations weigh against equitably tolling the statute of limitations for Plaintiff's § 1983 claims.

Upon consideration of the equitable tolling factors, the Court finds that Plaintiff has not acted reasonably to preserve his claims, prosecuted his claims diligently, or been prevented from timely filing his claims by a procedural impediment. Although Plaintiff would be more prejudiced than Defendants because his claims are time-barred without equitable tolling, this sole factor does not tip the scales in his favor. *See Jepson*, 164 Ariz. at 274. The Court will not toll the statute of limitations for Plaintiff's § 1983 claims because Plaintiff has not met his burden.

### 3. Conclusion

In sum, Plaintiff's § 1983 claims are time barred because the two-year statute of limitations expired before he filed his claims in this Court. Equitable tolling also does not apply. The Court therefore finds that Plaintiff is barred from bringing each federal cause of action (Counts 1–6).

### B. State-Law Claims

Plaintiff's § 1983 claims formed the basis of the Court's subject-matter jurisdiction. (Doc. 11 ¶ 1.); *see also* 28 U.S.C. §§ 1331, 1343. Because Plaintiff's § 1983 claims are dismissed, the Court must now determine whether to exercise supplemental jurisdiction over Plaintiff's remaining state-law claims.

Plaintiff alleges an Arizona Constitution claim and a defamation claim (Counts 7 and 8).[4] (Doc. 11 ¶¶ 65–68.) A district court has discretion to decline exercising

---
[4] Plaintiff asserts his Arizona Constitution and defamation claims under § 1983. (Doc. 11 ¶¶ 65–68.) Section 1983, however, only provides a cause of action for violations of the United States Constitution and federal law. *See Buckley v. City of Redding*, 66 F.3d 188, 190 (9th Cir. 1995). It "does not provide a cognizable cause of action for vindicating violations of state constitutional rights." *Douglas v. City of Mesa*, No. CV-17-04686-PHX-SMB, 2020 WL 1033128, at *6 n.8 (D. Ariz. Mar. 3, 2020) (citation omitted). Plaintiff therefore cannot seek relief for violation of an Arizona Constitution provision under § 1983. As to Plaintiff's defamation claim, there is no federal defamation statute, and the Supreme Court has rejected the contention that "defamation, standing alone, deprives an individual of any 'liberty' protected by the Due Process Clause." *Dube v. Contractor*, 363

1  supplemental jurisdiction over state-law claims if it "has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c). When exercising its discretion, the Court considers the interest in "economy, convenience, fairness, and comity." *Acri v. Varian Assocs., Inc.*, 114 F.3d 999, 1001 (9th Cir. 1997). These factors may weigh toward exercising supplemental jurisdiction if there is considerable procedural advancement, such that it would be a waste of judicial resources or unfair to the parties to remand the matter. *See, e.g.*, *In re Nucorp Energy Sec. Litig.*, 772 F.2d 1486, 1491 (9th Cir. 1985) (finding that the district court "was right in not imposing unnecessarily on a state court . . . repetition of pleadings, motions, discovery and other pre-trial proceedings"). But "in the usual case in which all federal-law claims are eliminated before trial, the balance of factors . . . will point toward declining to exercise jurisdiction over the remaining state-law claims." *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n.7 (1988).

Economy and convenience do not warrant exercising supplemental jurisdiction here. There has been almost no time expended over the state-law claims. The complaint was filed a few months ago, Defendants have not yet filed an answer, and discovery has not yet commenced. This case has therefore not advanced so far procedurally that it would be a waste of judicial resources or unfair to the parties for the Court to decline exercising supplemental jurisdiction.

The principles of comity and federalism also weigh against the Court exercising supplemental jurisdiction. To resolve the state-law claims, the Court would need to analyze and interpret both the Arizona Constitution and A.R.S. § 12-821, which supplies the statute of limitations for claims brought against a public entity or employee in Arizona. The Court believes that the state court is better equipped to handle these claims. *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 726 (1966) ("Needless decisions of state law should be avoided both as a matter of comity and to promote justice between the parties, by procuring

---

F. App'x 890, 891 (9th Cir. 2009) (citing *Paul v. Davis*, 424 U.S. 693, 708–10 (1976)). Plaintiff does reference 28 U.S.C. § 4101 to support his defamation claim, but that "does not create a federal cause of action for defamation." *Jacobs v. Arizona Dep't of Econ. Sec.*, No. CV-20-01713-PHX-SMB, 2020 WL 7059561, at *2 (D. Ariz. Dec. 2, 2020). Thus, Plaintiff's Arizona Constitution and defamation claims are state-law claims.

- 8 -

for them a surer-footed reading of applicable law."). Therefore, the Court declines to exercise supplemental jurisdiction. *See Daghlawi v. Juilin Hung*, No. CV-19-05824-PHX-DWL, 2020 WL 224362, at *1 (D. Ariz. Jan. 15, 2020) ("[C]onsiderations of federalism and comity are best served by allowing Arizona state courts to address state-law claims."). The Court will dismiss Plaintiff's state-law claims without prejudice.

### C.     Leave to Amend

Federal Rule of Civil Procedure 15(a) provides that leave to amend should be freely granted "when justice so requires." Fed. R. Civ. P. 15(a)(2). "The power to grant leave to amend . . . is entrusted to the discretion of the district court, which 'determines the propriety of a motion to amend by ascertaining the presence of any of four factors: bad faith, undue delay, prejudice to the opposing party, and/or futility.'" *Serra v. Lappin*, 600 F.3d 1191, 1200 (9th Cir. 2010) (quotation omitted). District courts properly deny leave to amend if the proposed amendment would be futile or the amended complaint would be subject to dismissal. *Saul v. United States*, 928 F.2d 829, 843 (9th Cir. 1991).

Plaintiff did not seek leave to amend in the event the Motion was granted. Regardless, because Plaintiff's claims are time-barred, amendment would be futile. *See Andrich v. Maricopa Cnty.*, No. CV-19-05628-PHX-GMS-MTM, 2021 WL 2451653, at *10 (D. Ariz. May 13, 2021) (finding the plaintiff's time-barred claims could not be cured by amendment). This Court has already given Plaintiff opportunity to amend his original complaint. (Doc. 5.) Although Plaintiff litigated this same case in state and federal court before bringing this action, he continues to fail to allege facts that would excuse the untimely filing of his federal causes of actions. Indeed, at least one other court dismissed an amended complaint on these same facts and claims. *See Danam*, No. CV-18-1493-PHX-DGC, Doc. 40. Plaintiff has also continually failed to assert facts that would meet his burden to prove the continuing violations doctrine or equitable tolling. The Court therefore will not grant Plaintiff leave to amend because any amendment would be futile. For these reasons, the First Amended Complaint will be dismissed with prejudice.

## IV. CONCLUSION

Accordingly,

**IT IS ORDERED granting** Defendant's Motion to Dismiss (Doc. 23) as follows:

(1) Plaintiff's § 1983 claims (Counts 1–6) are **dismissed with prejudice**.

(2) The Court declines to exercise supplemental jurisdiction over Plaintiff's state-law claims. Therefore, Plaintiff's Arizona Constitution claim (Count 7) and his defamation claim (Count 8) are **dismissed without prejudice** for refiling in state court.

**IT IS FURTHER ORDERED denying** the pending motions (Docs. 18, 20, 35, 37, 38, 39) **as moot.**

**IT IS FINALLY ORDERED** that the Clerk of the Court shall enter judgment accordingly and close this case.

Dated this 9th day of August, 2021.

*Michael T. Liburdi*
Michael T. Liburdi
United States District Judge